IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00938-MEH

MSC SAFETY SOLUTIONS, LLC,

    Plaintiff,

v.

TRIVENT SAFETY CONSULTING, LLC,
DAX BIEDERMAN,
BRYAN McCLURE, and
SCOTT SEPPERS,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Opposed Motion to Amend Counterclaims [filed January 16, 2020; ECF 51]. The Court finds that further briefing will not materially assist the Court in adjudicating the motion. *See* D.C. Colo. LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). For the following reasons, the motion is granted.

**I.    Background**

This action arises out of the departure of the individual Defendants from employment with Plaintiff to form the entity Defendant. Plaintiff's allegations against Defendants involve computer fraud, misappropriation of trade secrets, and other state law violations. *See* Am. Compl., ECF 16. In response, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 18. The Court granted in part and denied in part the Defendants' motion and dismissed the Plaintiff's First Claim against Defendants Seppers and Trivent; Plaintiff's First Claim against

Defendants Biederman and McClure pursuant to 18 U.S.C. §§ 1030(a)(5)(A) and 1030(a)(5)(C); Plaintiff's Second Claim as to Defendants Seppers and Trivent; and, Plaintiff's Sixth, Seventh, Eighth, and Ninth Claims against Defendants McClure, Seppers, and Trivent. ECF 41.

In response to the remaining claims, Defendants filed an Answer and Counterclaims on November 5, 2019. ECF 42. Plaintiff responded to the Counterclaims by filing a Motion to Dismiss on December 24, 2019. ECF 49. Defendants timely filed a response to the motion, then filed the present motion on January 16, 2020, seeking to dismiss their second counterclaim and to add facts recently discovered in support of their remaining counterclaims. ECF 50, 51.

## II. Analysis

At the outset, depending on the date filed, Defendants' motion may necessitate an amendment of the Scheduling Order under Rule 16(b), which would require that Defendants show good cause. Fed. R. Civ. P. 16(b)(4); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) ("This Circuit adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline." (citing SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518–19 (10th Cir. 1990))). Here, the Scheduling Order provides that Defendants have "thirty days after the filing of the answer" to seek amendment of their pleadings. ECF 24 at 6. Defendants filed the Answer and Counterclaims on November 5, 2019; in lieu of an answer, Plaintiff filed a motion to dismiss the counterclaims on December 24, 2019; and, Defendants filed the present motion less than thirty days later on January 16, 2020. Accordingly, the Court finds Defendants' motion is timely and they need not demonstrate good cause to amend the Scheduling Order.[1]

---

[1]The Court is aware that it granted *Defendants'* requests to extend the deadline for amendment of pleadings in its August 16, 2019 and September 30, 2019 orders. However, even if the Court were to find Defendants' deadline has passed, the Court finds good cause to allow the

Rule 15 of the Federal Rules of Civil Procedure instructs courts to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 359–60 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Prejudice in this context arises when "the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

The Court has determined that Defendants' motion is not unduly delayed. Moreover, the Court finds that Defendants' amendments are not unduly prejudicial. Here, the Court perceives no prejudice resulting from the requested amendments particularly where, as here, discovery does not end until March 13, 2020 and the Court may extend discovery deadlines and trial/conference dates as needed.

Furthermore, the Court finds particularly instructive here the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to

---

amendments based on Defendants' intent to attempt to cure deficiencies set forth in the pending Motion to Dismiss, which does not appear to have been contemplated by the Scheduling Order.

3

consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12 motion, and frame the issues to be decided.

With this in mind, the Court finds that it is not necessarily improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12 motion. Defendants assert that they "became aware that (1) Counterclaim number 2 could be dismissed due to new information received and (2) Counterclaimants could add facts to some claims to address the issues raised in the Motion to Dismiss. Counterclaimants have prepared a Proposed Amended Counterclaims to indicate those issues." Mot. 2. Thus, proposed amendments that seek to clarify or explain facts asserted in an original counterclaim, or to add additional factual allegations concerning a claim's required elements, are proper. The Court perceives no bad faith on the part of the Defendants in seeking to correct defects raised in the Plaintiff's pending motion to dismiss. However, the Court reminds Defendants of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter*, 451 F.3d at 1206 ( "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition when reviewing any further amendments.

As for whether the amendments are futile, the Court finds that because such issues will likely require dispositive findings, in the interest of justice and judicial efficiency, such issues (at this stage

4

of the litigation) would be better adjudicated under Rule 12(b)(6) or 56, rather than under Rule 15.

## III. Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Defendants' proposed amendments are timely, will not prejudice the Plaintiff, and are not made in bad faith. Plaintiff is granted leave to raise any futility arguments in response to the amended pleading.

Accordingly, Defendant' Opposed Motion to Amend Counterclaims [filed January 16, 2020; ECF 51] is **granted** as set forth herein. The Defendants shall file a clean copy of the Answer to First Amended Complaint and First Amended Counterclaims (ECF 51-1), signed in accordance with Fed. R. Civ. P. 11, on or before January 31, 2020. Plaintiff shall respond to the First Amended Counterclaims in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

In accordance with this Order, Plaintiff's Motion to Dismiss Defendants' Counterclaims [filed December 24, 2019; ECF 49] is **denied as moot** with leave to re-file, if Plaintiff so chooses, in response to the Amended Counterclaims. *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)); *see also Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *4 (D. Colo. Mar. 18, 2009) (citation omitted) ("Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version.").

SO ORDERED.

Dated at Denver, Colorado, this 27th day of January, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge