IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00938-MEH

MSC SAFETY SOLUTIONS, LLC,

    Plaintiff/Counter Defendant,

v.

TRIVENT SAFETY CONSULTING, LLC,
DAX BIEDERMAN,
BRYAN McCLURE, and
SCOTT SEPPERS,

    Defendants/Counter Claimants,

v.

TROY CLARK,

    Counterclaim Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    A jury found the individual Defendants in this case liable for civil theft under Colo. Rev. Stat. § 18-4-405. I awarded attorney's fees for the Plaintiff. The parties now seek clarification whether Defendant Trivent Safety Consulting, LLC (Trivent) should be liable for those fees. Plaintiff asks that I hold all Defendants jointly and severally liable for fees. Defendants argue that only the individual Defendants should be liable. The individual Defendants have declared bankruptcy since the verdict in this case, while Trivent is purportedly solvent at this time. I held oral argument on this matter on March 14, 2022.

The Colorado civil theft statute states that "[t]he owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property." Colo. Rev. Stat. § 18-4-405. It also states that "[i]n any such action, the owner may . . . also recover costs of the action and reasonable attorney fees," *id.*, although it does not explicitly state against whom the owner may recover such fees. The statute does state that "attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property." *Id.*

Of the fourteen enumerated claims tried to the jury, Defendant Trivent was named only in a claim for intentional interference with prospective business relations. The jury found it liable as to one of Plaintiff's customers, JR Butler, for a total damage award of $75,000.00. Trivent was named as a co-Defendant for the civil theft claim in both the original Complaint [ECF 1] and the Amended Complaint [ECF 16]. As noted in ECF 63-1 (red-lined version), Plaintiff dropped Trivent from the civil theft claim in its Second Amended Complaint. Plaintiff provided no explanation for this exclusion in its Motion to Amend First Amended Complaint. ECF 63.

Plaintiff elicited no testimony and otherwise introduced no evidence on the issue of whether Trivent was merely the alter ego of the three individual Defendants. Under Colorado law, a court may pierce the corporate veil when it is the mere alter ego of its principals. *Stockdale v. Ellsworth*, 407 P.3d 571, 576 (Colo. 2017). This would require the court to consider a number of factors, *id.* at 576-77 (list of eight factors), but the record is insufficient for the Court to engage in any such analysis. Furthermore, Plaintiff did not argue at trial that Trivent, in its own right, participated in the civil theft.

An award of attorney's fees is in derogation of the common law. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 818 (Colo. 2002). Therefore, a court must narrowly construe a statute that permits recovery of attorney's fees. *Crandall v. City of Denver*, 238 P.3d 659, 662 (Colo. 2010). Under

Colo. R. Civ. P. 103 § 8(b)(5), a court "shall make such orders as to reasonable attorney fees, costs and expense of the parties . . . as are just." "What is just under the circumstances is necessarily a matter within the district court's discretion." *L & R Expl. Venture v. CCG, LLC*, 351 P.3d 569, 577 (Colo. App. 2015). In *L & R Expl. Venture*, the Colorado Court of Appeals approved an attorney's fee award jointly and severally against two intervenor entities and an individual because, on the record before the court, the individual had treated the entities as his alter egos.

Without a basis in the record to find that Trivent as a corporate entity, or the individual Defendants using Trivent as the vehicle, participated in the civil theft, I find it difficult to hold it liable under the statute for attorney's fees, because Trivent was not found liable for civil theft. It would be an abuse of discretion to hold otherwise. To use the post-verdict filing of bankruptcy by the individual Defendants as a way to ensure Plaintiff can recover its fees would not be consistent with a narrow construction of the civil theft statute. Furthermore, Plaintiff's principal theory throughout this case centered on the taking of Plaintiff's S Drive and, thus, the theft of his entire company. The jury decided numerous claims concerning the taking of the S Drive, and Trivent was not a defendant in any of those claims. Intentional interference with prospective business relations is quite a different theory than the civil theft, conversion, or negligence *per se* claims that the jury decided.

## CONCLUSION

Accordingly, for the reasons explained above, Defendants' Request for Clarification of Amended Judgment [filed March 1, 2022; ECF 214] is **granted**. The judgment in this case will reflect that the award of attorney's fees under the civil theft statute shall run jointly and severally against the individual Defendants who were found liable under that claim.

SO ORDERED.

Entered this 15th day of March, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge