IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00938-MEH

MSC SAFETY SOLUTIONS, LLC,

      Plaintiff/Counter Defendant,

v.

TRIVENT SAFETY CONSULTING, LLC,
DAX BIEDERMAN,
BRYAN McCLURE, and
SCOTT SEPPERS,

      Defendants/Counter Claimants,

v.

TROY CLARK,

      Counterclaim Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff has filed a motion for attorney's fees based on the briefing of post-trial motions. ECF 215. Defendants have filed a response. In light of the content of the response, a reply would not be helpful.

I conducted a jury trial in this case in October 2021. The jury awarded damages to the Plaintiff approaching $500,000.00. In my order on the post-trial motions, ECF 171, I granted Plaintiff's request for prejudgment interest and, in part, attorney's fees for their successful civil theft claim, among other relief. Plaintiff now seeks fees for its part in briefing the motions.

Plaintiff's various motions, responses, and replies consisted of approximately seventy-five pages of briefing, and I held a one-hour argument in court.

Fees for successful post-trial motions, including a motion for attorney's fees, are generally recoverable. *Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994). Such fees have limits, including lack of success on the merits or unreasonableness of the claimed fees. *Id; see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163, n.10 (1990) ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."). The Colorado civil theft statute gives mandatory fees for the prevailing party. Plaintiff prevailed in part on its claims for civil theft. I find such fees to be appropriate here.

The attorney hourly rates are acceptable.

I find the requested fees should be slightly reduced based on partial success of the post-trial motions, and moderately reduced based on reasonableness of the claimed fees. Specifically, Plaintiff sought over $1 million in attorney's fees for litigating the case, and I reduced that by half. This merits a ten percent reduction in the fees based on partial success.

Regarding the reasonableness of the fees, several elements of requested relief required little briefing and were not complicated. An award of prejudgment interest and a trebling of damages for civil theft are mandatory and required minimal analysis. Certain of Plaintiff's requests were denied (*e.g.*, turning over S Drive data). On the other hand, Plaintiff had to brief Defendants' post-trial motions, which were largely denied except for the argument concerning duplicate damages, with which I agreed. Plaintiff omitted information regarding the subject matter of many entries for fees, which may be necessary in counsel's view but hinders this process, particularly given my

reduction in the next paragraph for tasks not directly related to the post-trial motions. Taking all these factors into consideration, I reduce the requested fee by another fifteen percent.

I have reviewed the time records and make reductions for matters unrelated to the partially successful motions. *Hayes v. SkyWest Airlines, Inc.*, No. 15-CV-02015-REB-NYW, 2019 WL 9273499, at \*2 (D. Colo. July 30, 2019) ("I have deducted time attributable to all such matters which were unrelated and/or ancillary to responding to the post-trial motions themselves."). These include billing for the Clerk's cost hearing; the Individual Defendants' bankruptcy filing; any motion for extension of time; any apparently administrative task; and any appeal to the Tenth Circuit. When such entries were interspersed with matters related to the motions, I reduced the fee only by half for each such entry. This resulted in a reduction of $13,612.00.

Plaintiff requested $107,473.50 in post-trial fees, which includes an anticipated additional $4,500.00 incurred in finalizing and filing the current motion. Subtracting $13,612.00 leaves $93,861.50. Reducing this by twenty five percent, or $23,465.37, leaves a reasonable fee award of $70,396.13.

Defendants make several arguments concerning the availability of fees for post-trial proceedings, including indigency (the three Individual Defendants have filed for bankruptcy). Defendants cite no case law authority for this proposition, and I found none.

Accordingly, for the reasons explained above, Plaintiff's Supplement to Motion for Attorneys' Fees and Non-Taxable Expenses [filed March 2, 2022; ECF 215] is **granted in part** as stated herein. Plaintiff is awarded $70,396.13 in attorney's fees for post-trial motions.

SO ORDERED.

Entered this 23rd day of March, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4